Honorable Judge Richard A. Jones

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION**

ISAIAH MILAK LILLY,

                Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION LLC,

                Defendants.

**Case No.: 2:26-cv-00728-RAJ**

**JOINT STATUS REPORT AND
DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and LCR 26(f), counsel for the parties conferred on **May 12, 2026**. The parties discussed the nature and basis of the claims and defenses, the possibilities for promptly settling or resolving the case, the arrangements for disclosures under Rule 26(a), and a proposed discovery plan.

1. **A statement of the nature and complexity of the case.**

**Plaintiff:** Plaintiff brings this action under the Fair Credit Reporting Act ("FCRA") against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") arising from their inaccurate reporting and failure to reasonably reinvestigate disputed credit information.

JOINT STATUS REPORT AND DISCOVERY PLAN
  CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

1

The dispute arises from a U.S. Bank automobile loan for which Plaintiff repeatedly attempted to make timely electronic payments; however, due to acknowledged technical failures in U.S. Bank's system, those payments were reversed despite sufficient funds. U.S. Bank confirmed that the payment issues were not attributable to Plaintiff and excused any resulting delays. As a result of the recurring system failures, Plaintiff was required to make payments in person at U.S. Bank branch. As a result, Defendants reported the account as 60 days delinquent for August and September 2024, contrary to Plaintiff's actual payment activity.

After discovering the inaccuracies, Plaintiff submitted disputes to each Defendant in November 2025, supported by documentation, including confirmation from U.S. Bank that the payment failures were not attributable to Plaintiff. Defendants nevertheless verified the information as accurate and/or failed to conduct reasonable reinvestigations or correct the reporting.

Plaintiff alleges that Defendants' conduct violated 15 U.S.C. § 1681i and caused damages, including credit denials, impaired creditworthiness, and emotional distress.

**Equifax:** Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

2

326442328v.1

developed.

**Experian:** Experian Information Solutions, Inc. ("Experian") denies it failed to comply with the requirements under the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered any damages as a result of any alleged wrongful actions or inactions of Experian. Experian is a consumer reporting agency as defined by 5 U.S.C. § 1681a(f). Experian essentially functions as a storehouse of credit information concerning consumers nationwide by collecting and storing credit information originating from others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. The FCRA is not a strict liability statute and does not require credit reporting agencies like Experian to maintain error-free credit reporting. Rather, the FCRA requires credit reporting agencies to maintain reasonable procedures to assure the accuracy of information in credit reports and to timely reinvestigate if a consumer disputes the information within his credit report.

In Plaintiff's case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit reports. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages.

Experian bases this statement on the facts and information currently available to it. In making this statement, Experian does not waive any defenses it has asserted in response to Plaintiff's Complaint, and Experian reserves the right to supplement its summary, if necessary, as the case and the facts develop.

**Trans Union:** Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

326442328v.1

maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

2. **A proposed deadline for joining additional parties:** August 10, 2026

3. **Consent to Magistrate Judge Jurisdiction:** No

4. **Discovery Plan:**

*(A)    the exchange of initial disclosures*

The parties will exchange the Initial Disclosure Statements by **June 2, 2026**, pursuant to Court's order (Dkt. 23).

*(B)    subjects, timing, and potential phasing of discovery:*

The parties propose an all-discovery deadline of **April 7, 2027**. The parties will conduct discovery according to the Federal Rules of Civil Procedure and the Local Civil Rules of the Western District of Washington. The parties also agree to work cooperatively to resolve any disputes regarding the scope or extent of discovery. The parties agree that discovery should not be conducted in phases.

**Plaintiff:** Plaintiff anticipates conducting discovery on the following subjects:

- The circumstances surrounding Defendants' collection, verification, furnishing and/or reporting of the credit information at issue in this case;
- Defendants' policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b);
- Defendants' policies and procedures regarding receiving a dispute from a consumer, providing notice of the consumer's dispute to the furnisher of the disputed information, and the processes by which Defendants are meant to conduct a reasonable investigation of the information disputed by a consumer;
- The actual actions taken by Defendants in response to their receipt of Plaintiff's dispute(s);
- Defendants' policies and procedures regarding the prevention of the reappearance of

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

326442328v.1

inaccurate information, in compliance with 15 U.S.C. § 1681i;

- Defendants' maintenance, preparation, and publication of Plaintiff's consumer reports and credit file; and
- Third party discovery necessary to establish causation and damages.

**Equifax:** Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether  any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

**Experian:** Experian will seek discovery of materials concerning: (a) The facts and circumstances surrounding the allegations in Plaintiff's live complaint; (b) the facts and circumstances surrounding Plaintiff's alleged damages; (c) whether there is any causal relationship between Plaintiff's alleged damages and Experian's alleged actions; (d) the facts and

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

326442328v.1

circumstances surrounding Plaintiff's alleged adverse credit actions; (e) Plaintiff's credit history and usage; (f) any communications between Plaintiff and other Defendants; (g) any third party communications Plaintiff conducted regarding the matters Plaintiff alleges in his complaint; (h) Experian's affirmative defenses; and (i) any other issue(s) raised by the pleadings or discovery. Experian will propound written discovery including interrogatories, requests for admissions, requests for production, any third-party subpoenas necessary, and take depositions.

**Trans Union:** Based on what is presently known, Trans Union anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint, the accuracy of account at issue in Plaintiff's Complaint, communications between Plaintiff and Defendants, reinvestigations conducted by Defendants, communications between Plaintiff and his creditors, the facts and circumstances surrounding Plaintiff's alleged damages, Plaintiff's failure to mitigate his alleged damages, causation relating to Plaintiff's alleged damages, the facts and circumstances surrounding Plaintiff's alleged adverse credit action, Plaintiff's credit history and usage, the facts and circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report, and any other issues raised by the pleadings or discovery. Trans Union will propound written discovery including interrogatories, requests for admissions, requests for production, any third-party subpoenas necessary, and take depositions.

### (C)    electronically stored information:

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

6

326442328v.1

requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

**(D)    privilege issues:**

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

7

326442328v.1

the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

**(E)     *proposed limitations on discovery:***

The parties agree there should be no changes or deviation from the Federal Rules of Civil Procedure or Local Rules of this Court concerning limitations on discovery.

**(F)     *the need for any discovery related orders:***

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

**5.     <u>The parties' views, proposals, and agreements, on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:</u>**

**(A)     *alternative dispute resolution:***

The Parties anticipate that the matter may be resolved after written discovery has been exchanged and have good faith in settling the case.

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

326442328v.1

**(B)**    *The existence of any related cases pending in this or other jurisdictions and a proposal for how to handle them:*

The parties do not agree to proceed with ADR at this time, but the parties will reconsider ADR if they are unable to resolve the action informally.

**(C)**    *phasing of motions*:

The Parties are not proposing phasing at this time.

**(D)**    *preservation of discoverable information:*

The parties do anticipate any issues preserving discovery information.

**(E)**    *Model Protocol for Discovery of ESI or alternatives to model protocol:*

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| Party | Email Service Address(es) |
| --- | --- |
| Plaintiff Isaiah Lilly Milak | Michael Brubaker (michael@brubakerlawgroup.com)<br>Yaear Weintroub (yweintroub@consumerattorneys.com)<br>Irina Iakovleva (iiakovleva@consumerattorneys.com)<br>Maria Kaminsky (mkaminsky@consumerattorneys.com) |
| Defendant Equifax Information Services, LLC | Andrew R. Escobar (aescobar@seyfarth.com)<br>Heather H. Sharp (hsharp@seyfarth.com)<br>Ian Fuqua (ifuqua@seyfarth.com)<br>Dee Davis (abdavis@seyfarth.com)<br>George Barrington (gbarrington@seyfarth.com) |
| Defendant Experian Information Solutions, Inc | Sara J. Wadsworth (sara.wadsworth@stoel.com)<br>Alissa N. Harris (ali.harris@stoel.com)<br>Varun Bhatnagar (VBhatnagar@goodwinlaw.com) |

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

326442328v.1

| Defendant Trans Union LLC | Nicholas Ranallo (nick@ranallolawoffice.com) Terri Brown (Terri.Brown@transunion.com) Ann Doglione-Cormany (ann.doglione-cormany@transunion.com ) Laura Connors (laura.connors@transunion.com) |
|---|---|

**6. The date by which discovery can be completed:**

The parties anticipate that discovery can be completed by **April 7, 2027.**

**7. Whether the case should be bifurcated:**

The parties do not believe that the case should be bifurcated.

**8. The date the case will be ready for trial:**

The parties anticipate to be ready for trial on **August 5, 2027.**

**9. Whether the trial will be jury or non−jury:**

Plaintiff requests a jury trial.

**10. The number of trial days required:**

The parties anticipate the trial to take 3-5 days.

**11. The dates on which trial counsel may have complications to be considered in setting a trial date:**

None known at this time for Plaintiff.

**12. The dates on which each and every non−governmental corporate party filed its corporate disclosure statement pursuant to FRCP 7.1 and LCR 7.1:**

Equifax filed the Rule 7.1 Corporate Disclosure Statement on **April 16, 2026.**

Experian filed the Rule 7.1 Corporate Disclosure Statement on **April 16, 2026.**

Trans Union filed the Rule 7.1 Corporate Disclosure Statement on **April 17, 2026.**

//

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

10

326442328v.1

Dated: June 9, 2026

/s/ Yaear Weintroub
Yaear Weintroub (NY Bar No. 6153431)
*Admitted Pro Hac Vice*
CONSUMER ATTORNEYS
68-29 Main Street
Flushing NY 11367
T: (718) 576-1863
F: (718) 247-8020
E: yweintroub@consumerattorneys.com

/s/ Michael Brubaker
Michael Brubaker, WSBA #49804
Brubaker Law Group PLLC
PO BOX 2018
Woodinville, WA 98072
(T): (206) 335-8746
(E): michael@brubakerlawgroup.com

*Attorneys for Plaintiff Isaiah Milak Lilly*

/s/ Andrew R. Escobar
Andrew R. Escobar, WSBA No. 42793
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Phone: (206) 946-4910
Email: aescobar@seyfarth.com

*Attorney for Defendant Equifax Information Services, LLC*

/s/ Sara J. Wadsworth
Sara J. Wadsworth, WSBA 55952
Alissa N. Harris, WSBA 59368
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500
ali.harris@stoel.com
sara.wadsworth@stoel.com

*Attorneys for Defendant Experian Information Solutions, Inc*

/s/ Nicholas Ranallo
Nicholas Ranallo, Esq. WSBA No.: 51439
Ranallo Law Office
5058 57th Avenue South
Seattle, WA 98118
Telephone: (831) 607-9229
E-Mail: nick@ranallolawoffice.com

*Counsel for Defendant Trans Union, LLC*

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

11

326442328v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Maria Kaminsky*

JOINT STATUS REPORT AND DISCOVERY PLAN
CASE NO.: 2:26-cv-00728-RAJ

CONSUMER ATTORNEYS PLLC
68-29 Main Street,
Flushing, NY 11367
T: (718) 874-6929

326442328v.1